| | |
|---|---|
| JAN STANDFIELD, ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-1555 |
| ST. ANN LODGING, LLC, ET AL. | SECTION "R" (5) |

## <u>ORDER AND REASONS</u>

Before the Court is (1) defendant St. Ann Lodging, LLC d/b/a Bourbon Orleans Hotel's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6);[1] (2) defendant Edifice Protection Group's motion to dismiss under Rule 12(b)(6);[2] and (3) plaintiffs' motion for leave to file a fourth amended complaint.[3]   The Court dismisses plaintiffs' direct negligence claim against St. Ann Lodging to the extent they assert that St. Ann Lodging breached its duty to provide adequate security.  The Court also finds that plaintiffs do not have good cause to amend their complaint to add this theory of recovery.  The Court does not dismiss plaintiffs' negligent hiring claims against either defendant, and will reserve its adjudication of those claims until ruling on defendants' pending motions for summary judgment.  The Court finds that plaintiffs have good cause to amend their

---

[1]     R. Doc. 75.
[2]     R. Doc. 70.
[3]     R. Doc. 99.

complaint with new factual allegations related to these claims. Finally, the Court finds that plaintiffs have stated a claim against Edifice for vicarious liability.

## I.     BACKGROUND

This case arises from the alleged sexual assault of plaintiff Jan Standfield at the Bourbons Orleans Hotel, in New Orleans, Louisiana.[4] Jan Standfield and her husband, plaintiff James Standfield, both of whom are residents of Oklahoma,[5] were allegedly staying at the Bourbon Orleans Hotel on or around September 7, 2017.[6] One evening during their stay, the Standfields and friends of theirs returned to the Standfield's hotel room after a night out.[7] At some point later that evening, Jan Standfield was in the bathroom in the hotel room while the rest of her party was outside on the room's balcony.[8] Plaintiffs allege that when she exited the bathroom, and as she was heading back to the balcony to rejoin her group, she heard a loud banging on the front door of the hotel room.[9]

---

[4]     R. Doc. 1.
[5]     R. Doc. 64 at 1 ¶¶ 1-2.
[6]     *Id.* at 2 ¶ 9.
[7]     *Id.* ¶ 10.
[8]     *Id.* at 3 ¶ 13.
[9]     *Id.* ¶ 14.

Jan Standfield allegedly opened the door to find a uniformed hotel security guard.[10]  According to plaintiffs, no one had called hotel security.[11] The security guard allegedly stepped into the room and stated that he was there "to check on" Jan Standfield.[12]  Jan Standfield allegedly felt "intimidated and uncomfortable" by the security guard and called out to her group that a hotel guard was there to check on them.[13]  Plaintiffs' friend allegedly came into the room from the balcony and asked if the group was being too loud.[14]  Plaintiffs allege that the security guard responded that no one had complained about the group and that he was simply checking on them.[15]  Plaintiffs assert that their friend then returned to the balcony, and Jan Standfield walked the security guard back to the door for him to leave.[16]

According to plaintiffs, before the guard and Jan Standfield reached the door, the guard turned around, grabbed her, and "st[uck] his tongue down her throat."[17]  The guard then allegedly turned to the door to leave but

---

[10]     *Id.* ¶ 15.
[11]     *Id.*
[12]     *Id.* ¶ 16.
[13]     *Id.* ¶ 17.
[14]     *Id.* ¶ 18.
[15]     *Id.*
[16]     *Id.* ¶¶ 19-20.
[17]     *Id.* ¶ 20.

then quickly turned back.[18] Plaintiffs assert that he proceeded to "st[ick] his tongue back in her mouth and also st[ick] his fingers up under her skirt and insert[] them into her vaginal area."[19] The guard allegedly used so much force that he ripped Jan Standfield's pantyhose and underwear.[20] Plaintiffs allege that they reported the incident to the hotel and the New Orleans Police Department, and that the security guard was eventually located.[21]

On February 14, 2018, plaintiffs filed a complaint in federal court against St. Ann Lodging.[22] This first complaint alleged that St. Ann Lodging was vicariously liable for the security guard's actions under the doctrine of *respondeat superior*.[23] Plaintiffs further alleged that St. Ann Lodging was liable for acts of direct negligence, as well as for failure to properly assess, screen, train, and supervise their security guards.[24] On April 9, 2018, the Court granted plaintiffs leave to file an amended complaint.[25] The amended complaint named Edifice as an additional defendant and reasserted all of

---

[18]    *Id.* at 3-4 ¶ 21.
[19]    *Id.*
[20]    *Id.*
[21]    *Id.* at 4 ¶¶ 23-24.
[22]    R. Doc. 1.
[23]    *Id.* at 3-4 ¶ 22.
[24]    *Id.* at 4 ¶ 23.
[25]    R. Doc. 12.

plaintiffs' allegations in the original complaint.[26] The amended complaint did not specify the allegations asserted against Edifice.[27] Then on October 16, 2018, the Court granted plaintiffs leave to file a second amended complaint.[28] The second amended complaint named Liberty Mutual Fire Insurance Company—as an insurer to St. Ann Lodging—and Steadfast Insurance Company—as an insurer to Edifice—as additional defendants.[29]

On January 21, 2019, plaintiffs filed a motion for leave to file a third amended complaint, which was granted on January 31.[30] In their third amended complaint, plaintiffs allege that the security guard who assaulted Jan Standfield was an employee of Edifice, "who was contracted by St. Ann Lodging" to provide security for the Bourbons Orleans Hotel.[31] Plaintiffs claimed that Edifice was vicariously liable for the guard's actions under the doctrine of *respondeat superior*.[32] They further alleged that Edifice was liable for its own acts of negligence, such as its failure to exercise reasonable care in hiring, screening, supervising, and training their security guards.[33]

---

[26]    R. Doc. 13 at 1-2.
[27]    *Id.*
[28]    R. Doc. 30.
[29]    *Id.*
[30]    R. Doc. 51; R. Doc. 63.
[31]    R. Doc. 64 at 4 ¶ 25.
[32]    *Id.*
[33]    *Id.* ¶ 26.

In this complaint plaintiffs removed their vicarious liability claim against St. Ann Lodging, but they restated their direct claim for negligence against it.[34] Plaintiffs allege that Jan Standfield has suffered both general and special damages, including physical pain and suffering, mental anguish, cost of medical care and treatment, permanent psychiatric disability, and loss of earning capacity.[35] Plaintiffs further allege that James Standfield has suffered a loss of consortium as a result of his wife's injuries.[36]

On February 12, 2019, both St. Ann Lodging and Edifice filed separate motions to dismiss the claims asserted in plaintiffs' third amended complaint.[37] On February 28, 2019, plaintiffs filed a motion for leave to file a fourth amended complaint.[38] Plaintiffs' proposed fourth amended complaint contains more detailed factual allegations related to its negligent hiring claims against Edifice and St. Ann Lodging.[39] The proposed complaint also adds an allegation, which was not included in any of plaintiffs' earlier complaints, that St. Ann Lodging breached its duty to "provide adequate security, protect against criminal acts of third persons, and/or exercise due

---

[34]    *Id.* at 4-5 ¶ 27.
[35]    *Id.* at 5 ¶ 29.
[36]    *Id.* ¶ 30.
[37]    R. Doc. 70; R. Doc. 75.
[38]    R. Doc. 99.
[39]    *Id.* at 5-6 ¶ 27; 7 ¶ 32.

care in performing its assumed duties."[40]   The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the party pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the nonmoving party.  *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true.  *Iqbal*, 556 U.S. at 678.  It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence

---

[40]    *Id.* at 7 ¶¶ 31-32.

of each element of the party's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

### A. St. Ann Lodging's Motion to Dismiss

#### 1. *Timeliness of Motion to Dismiss*

Plaintiffs argue that St. Ann Lodging's motion to dismiss is untimely. Federal Rule of Civil Procedure 12(b) requires parties to file a motion to dismiss based on that rule's available defenses before filing any responsive pleadings. Fed. R. Civ. P. 12(b). Under Rule 12(a), a defendant's answer must be filed within 21 days after being served process. Fed. R. Civ. P. 12(a)(1)(A)(i). St. Ann Lodging moved to dismiss the third amended complaint twelve days after that amended complaint was entered into the record, and before filing a responsive pleading.[41] St. Ann Lodging's motion was therefore timely filed.

---

[41]     *See* R. Doc. 64; R. Doc. 75.

Plaintiffs argue that this motion should nonetheless be denied because St. Ann Lodging did not raise the defenses it now presents in response to the initial complaint.[42]  According to plaintiffs, St. Ann Lodging is not permitted to file a motion to dismiss under Rule 12(b)(6) in response to the third amended complaint when that same defense was available to it after the initial complaint was filed.  But plaintiffs do not cite any Federal Rule of Civil Procedure or binding authority in support of that argument.

Plaintiffs cite a case from the Northern District of Illinois where the court held that a party was barred from filing a second motion to dismiss under Rule 12(g).[43]  *See Keefe v. Derounian*, 6 F.R.D. 11 (N.D. Ill. 1946).  Rule 12(g) prohibits successive motions to dismiss if the defendant's "defense or objection . . . was available to [it] but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  This rule is inapplicable here because St. Ann Lodging is not attempting to file successive motions to dismiss.  This is the first Rule 12(b)(6) motion that St. Ann Lodging has filed in this action.  And even if St. Ann Lodging had filed a previous Rule 12(b)(6) motion, the Fifth Circuit has ruled that, pursuant to Rule 12(h)(2), a defendant is permitted to file successive motions to dismiss for failure to state a claim under Rule 12(b)(6).

---

[42]  R. Doc. 79 at 3-4.

[43]  *Id.*

*See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial"); *Doe v. Columbia-Brazoria Ind. Sch. Dist. By & Through Bd. of Trs.*, 855 F.3d 681, 686 (5th Cir. 2017) (ruling that "Rule 12(h)(2) explicitly excepts" from Rule 12(g)(2)'s consolidation requirement "motions based on the defense of failure to state a claim upon which relief can be granted" (citing *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007))). Rule 12 thus does not bar the present motion.

Finally, even if St. Ann Lodging's motion were untimely under the Federal Rules, the Court would have the authority to convert it to a motion for judgment on the pleadings under Rule 12(c). *See id.* (finding that district court did not abuse its discretion in hearing Rule 12(b)(6) motion, because even if it were improperly before the court, district court had authority to convert it to a Rule 12(c) motion); Fed. R. Civ. P. 12(h)(2) (failure to state a claim upon which relief can be granted can be raised by a motion under Rule 12(c)). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Thus, even if the Court were to find that

the instant motion was untimely, its analysis would not change under Rule 12(c).

2. *Direct Negligence Claim*

Plaintiffs have dropped the vicarious liability claim against St. Ann Lodging that they included in their initial complaint.[44] Plaintiffs explain that since filing their initial complaint they have learned that Edifice, and not St. Ann Lodging, was the security guard's employer.[45] Thus, they now assert only a direct negligence claim against St. Ann Lodging. That claim is found in one paragraph of the third amended complaint:

> Furthermore, St. Ann Lodging LLC is liable to plaintiff for their acts of fault, omissions, want of care, negligence, and/or misconduct of its officers, employees, and agents, as well as for their failure to appropriately assess, screen and reject unsuitable security guards, failure to properly supervise security guards, and/or failure to adequately train security guards, and any and all other acts of negligence and fault as may be shown at the trial of this matter.[46]

Plaintiffs argue that this paragraph contains two distinct theories for St. Ann Lodging's direct negligence: (1) that St. Ann Lodging was negligent in providing adequate security on its premises,[47] and (2) that it was negligent

---

[44]    R. Doc. 1 at 3-4 ¶ 22; R. Doc. 64; R. Doc. 79 at 1-2.
[45]    R. Doc. 79 at 1-2.
[46]    R. Doc. 64 at 4-5 ¶ 27.
[47]    R. Doc. 79 at 6.

11

in hiring, screening, supervising, and training the security guard who allegedly assaulted Jan Standfield.[48]  These two claims differ because they are based upon breaches of two distinct duties imposed upon innkeepers. *See Jackson v. Ferrand*, 658 So. 2d 691, 697-99 (La. App. 4 Cir. 1994).  First, innkeepers have "a duty to maintain the[ir] premises in a reasonably safe condition and to warn [guests] of any hidden or concealed peril which was known or reasonably discoverable." *Zerangue v. Delta Towers, Ltd.*, 820 F.2d 130, 132 (5th Cir. 1987).  Second, under Louisiana law innkeepers "have a duty to exercise reasonable care in hiring, retaining, and supervising employees." *Jackson*, 658 So. 2d at 699.

Although these two claims are based upon breaches of separate duties, they are both still governed by the same duty-risk analysis used for all negligence cases.  *See, e.g.*, *id.* at 698 (applying duty-risk analysis in negligent hiring case); *Santangelo v. Omni Hotels Mgmt. Corp.*, No. 18-11263, 2018 WL 6448842, at *3 (E.D. La. Dec. 10, 2018) (applying duty-risk analysis to negligent security claim).  Thus, to state a negligence claim under either theory, plaintiffs must assert that St. Ann Lodging breached a duty owed to them, that this breach was both a cause-in-fact and legal cause of

---

[48]    *Id.* at 6-7.

plaintiffs' injuries, and that plaintiffs suffered actual damages. *Jackson*, 658 So. 2d at 698 (citing *Roberts v. Benoit*, 605 So. 2d 1032, 1044 (La. 1991)).

### a.    Duty to provide adequate security

Plaintiffs do not explicitly allege in their third amended complaint that St. Ann Lodging was negligent by failing to provide adequate security. They allege that St. Ann Lodging is liable "for their acts of fault, omissions, want of care, negligence, and/or misconduct of its officers, employees, and agents . . . and any and all other acts of negligence and fault as may be shown at the trial of this matter."[49]  But nowhere in the complaint do they assert that St. Ann Lodging specifically breached its duty to provide its guests with adequate security.  The first time plaintiffs asserted that St. Ann Lodging breached that duty was in their opposition brief to the instant motion.[50]  That opposition was filed two months before trial.  Because plaintiffs failed to allege in their third amended complaint that St. Ann Lodging breached this specific duty, the Court dismisses their negligence claim to the extent it relies upon the theory that St. Ann Lodging breached the duty to provide adequate security.  *See Gressett v. City of New Orleans*, No. 17-16628, 2018 WL 3642008, at *5 (E.D. La. Aug. 1, 2018) (finding that proposed amended

---

[49]    R. Doc. 64 at 4-5 ¶ 27.
[50]    *See* R. Doc. 79.

complaint did not state a claim for negligence because the plaintiff did not "specify the duty allegedly breached by defendants"); *Fin & Feather Chalets, LLC v. S. Energy Homes, Inc.*, No. 13-6082, 2014 WL 2506498, at *5 (E.D. La. June 3, 2014) (granting motion to dismiss in part because plaintiff failed to "articulate in its complaint what duty [defendant] owed to plaintiff"); *Pate v. Fed. Nat'l Mortg. Ass'n*, No. 13-3481, 2014 WL 12570894, at *4 (N.D. Tex. Apr. 3, 2014) (dismissing negligence claim because the plaintiffs did not "specify what brand of negligence they are asserting").

### b.   *Negligent hiring*

Plaintiffs assert that St. Ann Lodging breached a duty to exercise reasonable care in hiring, screening, supervising and training.[51]   St. Ann Lodging argues that this negligence claim should be dismissed because (1) plaintiffs fail to allege that it was a direct employer of the security guard who allegedly assaulted Jan Standfield, and (2) plaintiffs do not include any factual allegations related to St. Ann Lodging's alleged negligence.[52]

First, as already discussed, plaintiffs now concede that St. Ann Lodging was not the security guard's direct employer.[53]   Plaintiffs instead assert in

---

[51]   R. Doc. 64 at 4-5 ¶ 27.
[52]   *See* R. Doc. 75-1 at 7-8.
[53]   R. Doc. 79 at 1-2.

14

their third amended complaint that "the security guard who assaulted Mrs. Standfield was an employee of [Edifice], who was contracted by St. Ann Lodging LLC to provide security to Bourbon Orleans Hotel."[54]  Plaintiffs thus allege that Edifice was an independent contractor of St. Ann Lodging.[55]  But St. Ann Lodging is incorrect that plaintiffs' direct negligence claim must fail because plaintiffs' do not allege a direct employment relationship between the security guard and St. Ann Lodging.  In Louisiana, a plaintiff can assert a claim for negligent hiring against a party who hires an independent contractor.  *See Dragna v. KLLM Transp. Servs. LLC*, 638 F. App'x 314, 319-20 (5th Cir. 2016) (recognizing tort for negligent hiring of independent contractor under Louisiana law); *Certified Cleaning & Restoration, Inc. v. Lafayette Ins. Co.*, 67 So. 3d 1277, 1283 (La. App. 5 Cir. 2011) ("One who hires an irresponsible independent contractor may be independently negligent." (quoting *Hemphill v. State Farm Ins. Co.*, 472 So. 2d 320, 324

---

[54]    R. Doc. 64 at 4 ¶ 25.

[55]    Plaintiffs do not assert any facts supporting an inference that St. Ann Lodging had a right to supervise or control the security guard's activity, such that an employment relationship existed despite Edifice's status as an independent contractor pursuant to the parties' agreement. *See Fonseca v. City Air of La., LLC*, 196 So. 3d 82, 87 (La. App. 1 Cir. 2016) (recognizing that under Louisiana law an employment relationship may exist despite an individual's independent contracting agreement if the principal "maintains the right to supervise or control the [individual's] activity").

(La. App. 3 Cir. 1985))). Plaintiffs' third amended complaint sufficiently states this cause of action.[56]

Second, plaintiffs do not include any factual allegations in their third amended complaint related to St. Ann Lodging's alleged negligent hiring of its independent contractor. Plaintiffs' allegations for this claim are identical to the allegations they included in their initial complaint.[57] St. Ann Lodging could have moved to dismiss that initial complaint, but it did not. Instead, St. Ann Lodging filed this motion on February 12, 2019, which comes more than a year after they were first apprised of plaintiffs' negligent hiring claim, and two months before trial. The parties have conducted discovery related to this claim, and plaintiffs cite information learned during discovery in their opposition to the present motion. The parties have also fully briefed this claim in connection with St. Ann Lodging's pending motion for summary

---

[56]    *See* R. Doc. 64 at 4-5 ¶ 27. While St. Ann Lodging can be held liable for its negligence in hiring an independent contractor, the Court has identified no Louisiana case recognizing a claim for negligently training or supervising an independent contractor. Nor do plaintiffs cite any such precedent. Claims for negligent training or supervision are limited to instances where an employment relationship exists. *See, e.g.*, *Jackson*, 658 So. 2d at 698-99. Thus, at trial plaintiffs can succeed on their direct negligence claim against St. Ann Lodging only if they prove that St. Ann Lodging was negligent in *hiring* its independent contractor.

[57]    *See* R. Doc. 1 at 4 ¶ 23; R. Doc. 64 at 4-5 ¶ 27.

judgment.[58]  The Court will resolve on the summary judgment papers whether plaintiffs' negligent hiring claim can proceed to trial.

## B.  Edifice's Motion to Dismiss

Plaintiffs' third amended complaint alleges that Edifice is liable for plaintiffs' damages under the doctrine of *respondeat superior* and for negligent hiring, screening, supervising, and training.[59]

### 1.  *Respondeat Superior*

Louisiana law generally permits an employer to be held liable for the damage caused by employees acting within the scope of their employment. *See* La. Civ. Code art. 2320; *Bordelon v. Stafford*, 1 So. 3d 697, 699-700 (La. App. 3 Cir. 2008).  This includes damage caused by intentional torts.  *See Craft v. Wal-Mart Stores, Inc.*, 799 So. 2d 1211, 1214-15 (La. App. 3 Cir. 2001) (citing *LeBrane v. Lewis*, 292 So. 2d 216, 218 (La. 1974)).  For the employer to be found liable for an intentional tort, the employee's actions must be "so closely connected in time, place, and causation to his employment duties that it constitutes a risk of harm fairly attributable to the employer's business." *Id.* at 1215.

---

[58]    *See* R. Doc. 94.
[59]    R. Doc. 64 at 4 ¶¶ 25-26.

Louisiana courts use a four-factor test to determine whether an employer should be vicariously liable for an employee's intentional tort:

(1) whether the tortious act was primarily employment rooted;

(2) whether the violence was reasonably incidental to the performance of the employee's duties;

(3) whether the act occurred on the employer's premises; and

(4) whether it occurred during the hours of employment.

*Baumeister v. Plunkett*, 673 So. 2d 994, 996-97 (La. 1996). That the "predominant motive" of an employee's intentional tort was "to benefit himself or a third person does not prevent the act from being within the scope of employment." *Ermert v. Hartford Ins. Co.*, 559 So. 2d 467, 477 (La. 1990). Instead, "if the purpose of serving the master's business actuates the servant to any appreciable extent, the master is subject to liability if the act is otherwise within the service." *Id.*

Here, plaintiffs have alleged facts that, if true, would be sufficient to hold Edifice vicariously liable for the security guard's misconduct. As an initial matter, the third and fourth factors are met. Plaintiffs allege that the assault occurred (1) on the premises where Edifice employed the security guard to work, and (2) during the hours of the security guard's employment.

Plaintiffs also present facts supporting an inference that the security guard's alleged misconduct was incidental to his duties and primarily

employment rooted. They assert that when Jan Standfield opened her door, she was confronted by the security guard, in his hotel uniform, who stated that he was there to "check on her."[60] Jan Standfield then permitted the security guard to enter her room.[61] It is part of a hotel security guard's duties to ensure the guests' safety. Based on plaintiffs' allegations, it was thus due to the guard's position, responsibilities, and implied authority that he was able to enter Jan Standfield's room and sexually assault her. Under Louisiana law, in such a situation the intentional tort is committed within the scope of the offender's employment. *See Edmond v. Pathfinder Energy Servs., Inc.*, 73 So. 3d 424, 427 (La. App. 3 Cir. 2011) (employer vicariously liable when supervisor instructed the plaintiff to go into a room, where the supervisor and three other employees sexually assaulted him, because ordering the plaintiff to a room was "unquestionably incidental to the supervisor's supervisory duties"); *Samuels v. Southern Baptist Hosp.*, 594 So. 2d 571, 574 (La. App. 4 Cir. 1992) (nursing assistant's sexual assault of psychiatric patient was "reasonably incidental to the performance of his duties" because "[t]aking-care of the patient's well-being" was part of nursing assistant's assigned duties); *Applewhite v. City of Baton Rouge*, 380 So. 2d

---

[60]    R. Doc. 64 at 3 ¶¶ 15-16.
[61]    *Id.* ¶ 16.

119, 120-22 (La. App. 1 Cir. 1979) (city held vicariously liable for actions of police officers who used their position and authority to order the plaintiff into their vehicle, and then sexually assaulted her); *cf. Baumeister*, 673 So. 2d 994, 999-1000 (hospital not vicariously liable when supervisor assaulted clinical technician who was reading in the nurse's lounge because it was not a situation where the "supervisor's performance of his duties . . . [led] to an intentional tort").

Edifices motion to dismiss plaintiffs' vicarious liability claim is therefore denied.

### 2. *Duty to Exercise Reasonable Care in Hiring, Screening, Supervising, and Training*

Plaintiffs' direct negligence allegations against Edifice in the third amended complaint do not contain any factual matter pertaining to Edifice's alleged negligence in hiring, screening, supervising, or training the security guard. Edifice could have moved to dismiss plaintiffs' first amended complaint after it was filed into the record on April 9, 2018.[62] That complaint added Edifice as a named defendant but did not allege any specific cause of action against it, let alone factual matter supporting a cause of action.[63] But

---

[62]    *See* R. Doc. 13.
[63]    *Id.*

Edifice did not move to dismiss the first amended complaint before answering it, and instead filed a motion for judgment on the pleadings under Rule 12(c) on January 14, 2019, three months before trial.[64] That motion was mooted when the Magistrate Judge granted plaintiffs' motion for leave to file their third amended complaint.[65] Edifice then filed the instant motion on February 12, 2019, two months before trial.[66] Even when Edifice filed its Rule 12(c) motion, the parties had already conducted discovery on plaintiffs' direct negligence claims.[67] Edifice has also filed a motion for summary judgment on this claim, which is now fully briefed.[68] The Court will resolve on the summary judgment papers whether this direct negligence claim can proceed to trial.

### C. Plaintiffs' Motion for Leave to File a Fourth Amended Complaint

Plaintiffs also seek leave to file a fourth amended complaint.[69] Courts in this circuit apply Federal Rule of Civil Procedure 16(b) when leave to amend a pleading requires modification of the scheduling order. *S & W*

---

[64] R. Doc. 48.
[65] R. Doc. 63.
[66] R. Doc. 70.
[67] *See, e.g.*, R. Doc. 106-5 (transcript of Rule 30(b)(6) deposition of Edifice corporate representative, dated December 19, 2018).
[68] *See* R. Doc. 95.
[69] *See* R. Doc. 99.

*Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S & W Enters., LLC*, 315 F.3d at 535 (internal citations omitted).  Courts specifically consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Id.* at 536.

Plaintiffs' fourth amended complaint contains the same factual allegations pertaining to the underlying incident at the Bourbon Orleans Hotel as alleged in the third amended complaint.[70]  But this new complaint is different from plaintiffs' four prior complaints because it (1) includes factual allegations related to plaintiffs' claims for negligent hiring;[71] and (2) asserts that St. Ann Lodging breached its duty to provide adequate security to its guests.[72]  Plaintiffs have good cause to amend their complaint to assert new factual allegations related to their negligent hiring claim against St. Ann

---

[70]    R. Doc. 99-3 at 2-4 ¶¶ 9-24.
[71]    *Id.* at 5-6 ¶ 27, 7 ¶ 32.
[72]    *Id.* at 7 ¶ 31.

Lodging, and their negligent hiring, screening, supervising, and training claim against Edifice. Amending their complaint to include these factual allegations does not prejudice either defendant. Both defendants have been apprised that plaintiffs assert these claims, the parties have conducted a considerable amount of discovery on the claims, and the parties have fully briefed motions for summary judgment on them.

But plaintiffs do not have good cause to amend their complaint to assert a claim against St. Ann Lodging that it breached its duty to provide adequate security. Specifically, the Court finds that under the first and third Rule 16(b) factors, plaintiffs should not be granted leave to add this claim.

Plaintiffs' filed their initial complaint on February 14, 2018, over one year before filing the instant motion.[73] Plaintiffs had the opportunity to assert in that complaint—or in any of the other three complaints they have filed—that St. Ann Lodging should be held liable for breaching its duty to provide adequate security. Plaintiffs failed to do so, and now present no explanation for that failure.[74] The first Rule 16(b) factor therefore weighs heavily against plaintiffs.

---

[73] *See* R. Doc. 1; R. Doc. 99.
[74] *See* R. Doc. 99-2.

Next, allowing plaintiffs to amend their complaint at this stage of the proceedings to include this new theory of recovery would substantially prejudice St. Ann Lodging. Plaintiffs filed the instant motion on February 28, 2019, which was: (1) ten days after defendants' deadline to exchange expert reports;[75] (2) fifteen days before the discovery deadline;[76] (3) two days after the parties' deadline to file dispositive motions;[77] and (4) just over six weeks before the trial date.[78] It is evident that the parties have conducted considerable discovery on plaintiffs' negligent hiring claim. But plaintiffs' allegation that St. Ann Lodging breached its duty to provide adequate security is a completely different theory of recovery, which would require a different approach to discovery. Granting plaintiffs' motion on the eve of trial would thus operate to St. Ann Lodging's prejudice, because it did not have an opportunity to conduct discovery with an eye toward mounting a defense to this claim. *See Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (district court did not abuse its discretion in denying the plaintiff's motion to amend its complaint, when amended complaint would have "established an entirely new factual basis for the plaintiffs' claims").

---

[75] R. Doc. 42.
[76] R. Doc. 83.
[77] R. Doc. 22.
[78] *Id.*

The Court will not continue trial and reopen discovery to allow the parties time to litigate this new claim. *See id.* (district court not obligated to reopen discovery when the plaintiff sought to add a new claim because the court has the "necessary power . . . to manage a case"). This litigation has been pending for over one year, dispositive motions have been filed, and the parties are preparing for trial on the claims plaintiffs successfully included in their other complaints. Plaintiffs had four other opportunities over the past year to allege that St. Ann Lodging breached its duty to provide adequate security. For reasons unknown to the Court, they neglected to do so. They cannot now amend their complaint to allege this claim. Plaintiffs' only remaining cause of action against St. Ann Lodging is a claim for negligent hiring.

## IV. CONCLUSION

For the foregoing reasons, St. Ann Lodging's motion to dismiss is GRANTED IN PART and DENIED IN PART. To the extent plaintiffs assert in their third amended complaint that St. Ann Lodging breached its duty to provide adequate security, that direct negligence claim is DISMISSED WITH PREJUDICE. Edifice's motion to dismiss is DENIED. Plaintiffs' motion for leave to file a fourth amended complaint is also GRANTED IN PART and

DENIED IN PART.  Plaintiffs have leave to amend their complaint to assert

new factual allegations that St. Ann Lodging is liable for negligent hiring, and

that Edifice is liable for negligent hiring, screening, supervising, and

training.  But plaintiffs do not have leave to file a new claim that St. Ann

Lodging breached its duty to provide adequate security.


New Orleans, Louisiana, this __14th__ day of March, 2019.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE